UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHRISTOPHER HANDFORD,<br><br>    Petitioner,<br><br>  v.<br><br>MIKE MARTEL<br>    Respondent. | 1:09-cv-00738 JMD (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

John Christopher Handford ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Both parties consented, pursuant to Title 28 U.S.C. § 636(c)(1), to have a magistrate judge conduct all further proceedings, including entry of final judgment. The case was reassigned to the undersigned on August 16, 2010.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to 2002 plea agreement that resolved three cases simultaneously. Petitioner is currently serving a prison term of six years.

<u>Superior Court</u>

In case number 177831, Petitioner pled no contest to count I, felony domestic violence on J.B. in violation of California Penal Code section 273.5[2] and admitted to inflicting great bodily

---

[1] The background is derived from the California Court of Appeal, Fifth Appellate District's May 19, 2008, unpublished decision on direct review.

[2] Unless otherwise designated, all statutory references are to the California Penal Code.

1

injury upon the victim in violation of section 12022.7(e).  He also pled no contest to count III, unlawful sexual intercourse with a minor in violation of section 261.5(c).

In case number 181628, Petitioner pled no contest to count I, felony domestic violence on M.S. and admitted using a knife during the commission of the crime in violation of sections 1192.7 and 667.  Petitioner also pled no contest to count II, assault with a deadly weapon in violation of section 245(a)(1) and admitted to using a deadly weapon during the commission of the offense.

In case number 173808, Petitioner pled no contest to possession of methamphetamine inside a jail facility in violation of section 4573.6 and admitted that he had suffered a prior conviction within the meaning of section 667.5(b).[3]

Petitioner's aggregate prison term of six years was computed as follows: In case number 177831, Petitioner was sentenced to a two-year term for count I, a consecutive three-year term for the great bodily injury enhancement, plus a consecutive one-year term for the prison prior admission. Petitioner also received a concurrent two-year term for count III.  In case number 181628, Petitioner was sentenced to a concurrent three-year term for count I and a concurrent three-year term for count II.  In case number 173808, Petitioner was sentenced to a concurrent three-year term and was ordered to register as a narcotics offender.

Direct Review

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. The court modified Petitioner's sentence by striking the narcotics registration requirement and staying the three-year concurrent term imposed for count II in case number 181628.  The clerk of the Tulare County Superior Court was directed to prepare an amended abstract of judgment to reflect these changes as well as to reflect that the three-year term imposed for the great-bodily-injury enhancement on case number 177831, was imposed pursuant to section 12022.7(e).[4]  The court

---

[3] Section 667.5(b) states in relevant part, "where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

[4] the original abstract of judgment erroneously attributed the three-year enhancement to section 1203(e)(4).

1  otherwise affirmed the judgement and convictions.  (Lodged Doc. 2.)

2  Petitioner did not seek review in the state supreme court.

3  Habeas Review

4  Petitioner filed a petition for writ of habeas corpus with the Tulare County Superior Court on June 2, 2008.  The court denied the petition in a reasoned decision on June 4, 2008.  (Lodged Doc. 3.)  The court found that Petitioner could not receive habeas relief to "the extent that petitioner is being held in custody in violation of his constitutional rights," it did agree that Petitioner was sentenced incorrectly because the prior CRC commitment could not be deemed a prison prior. However, the court found that Petitioner was not entitled to a different sentence.  The case was remanded to the original trial judge for correction of the error.  The original trial court judge, however, disagreed that the evidence failed to support the prison prior allegation.

Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District, on August 6, 2008.  The petition was summarily denied on August 28, 2008. (Lodged Docs. 5, 6.)

Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on September 9, 2008.  The court summarily denied the petition on March 25, 2009.  (Lodged Docs. 7, 8.)

Petitioner filed the instant petition for writ of habeas corpus on April 20, 2009.  Respondent filed an answer to the petition on October 2, 2009.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  The deprivation in question arose out of the Tulare County Superior Court; thus, the Court has jurisdiction over the action and venue is appropriate.  28 U.S.C. § 84(b); see 28 U.S.C. § 2241(d).

## II. Legal Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320 (1997)) (holding AEDPA only applicable to cases filed after statute's enactment); See also Bobby v. Van Hook, __ U.S. __, 130 S.Ct. 13, 16 (2009); Pinholster v. Ayers, 509 F.3d 651, 662 (9th Cir. 2009).

The instant petition is reviewed under the provisions of AEDPA. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413 (contrary to or an unreasonable application of clearly established federal law); Wood v. Allen, __ U.S. __, 130 S.Ct. 841, 849 (2010) (unreasonable determination of fact).

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id. (quoting Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

Thus, the initial step in applying AEDPA's standards is to "identify the state court decision that is appropriate for our review." Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005). Where more than one state court has adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. Id. (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order). The Ninth Circuit has further stated that where it is undisputed that federal review is not barred by a state procedural ruling, "the question of which state court decision last 'explained' the reasons for judgement is therefore relevant only for purposes of determining whether the state court decision was 'contrary to' or an 'unreasonable application of' clearly established federal law." Bailey v. Rae, 339 F.3d 1107, 1112-1113 (9th Cir. 2003). Thus, a federal habeas court looks through ambiguous or unexplained State court decisions to the last reasoned decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. Id.

Here, the Tulare County Superior Court, the California Court of Appeal, and the California Supreme Court adjudicated Petitioner's claims. As the California Court of Appeal and the California Supreme Court summarily denied Petitioner's claims, the Court "look[s] through" those court's decisions to the last reasoned decision, namely, that of the Tulare County Superior Court. See Ylst, 501 U.S. at 804.

**III.  Review of Petitioner's Claims**

The petition for writ of habeas corpus contains two grounds for relief.  First, Petitioner claims that the trial court erred by imposing a one-year sentence enhancement based on his incarceration at the California Rehabilitation Center (hereinafter "CRC").  Second, Petitioner claims that his trial counsel was ineffective because he did not object to the enhancement at sentencing.

<u>Ground One</u>

Petitioner claims that the trial court erroneously imposed a one-year sentence enhancement by categorizing his time at the CRC as a prison prior.

Respondent argues that Petitioner's claim must fail because he does not claim a constitutional violation in any of his federal or state habeas petitions. The Court agrees.

Federal habeas relief under section 2254 is available "only on the basis of some transgression of federal law binding the state courts. It is unavailable for alleged error in the interpretation or application of state law." <u>Wynn v. Bunnel</u>, 12 F.3d 1111 (9th Cir. 1993) (quoting <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985)); <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)).

Petitioner does not specify which of his constitutional rights have allegedly been violated nor does he cite to any federal case law as authority supporting the position that this claim contains a federal question. Also, the Court has found no clearly established federal law governing which types of state commitment facilities can be classified as "incarceration" for the purpose of state sentencing statutes. Accordingly, Ground One is not cognizable on federal habeas review.

<u>Ground Two</u>

Petitioner claims that his trial counsel was ineffective in failing to object to the trial court's imposition of a one-year term enhancement based on the time he spent in CRC.

As a threshold matter, Petitioner is not entitled to habeas relief because there is no clearly established Supreme Court precedent governing ineffective assistance of counsel in the context of noncapital sentencing. <u>Davis v. Grigas</u>, 443 F.3d 1155, 1158 (9th Cir. 2006) (citing <u>Cooper-Smith v. Palmateer</u>, 397 F.3d 1236, 1244 (9th Cir. 2005)); <u>Lopez v. Campbell</u>, No. CV F 05-00481, 2008 WL 4826129 at *27 (E.D. Cal. Nov. 6, 2008). However, even if the clearly established <u>Strickland</u> standard did apply to noncapital sentencing claims, Petitioner's claim would fail on the merits. See <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)

An allegation of ineffective assistance of counsel requires that a petitioner establish two elements: (1) counsel's performance was deficient and (2) petitioner was prejudiced by the deficiency. <u>Id.</u> at 687; <u>Lowry v. Lewis</u>, 21 F.3d 344, 346 (9th Cir. 1994). Under the first element, a petitioner attacking a guilty plea must establish that "counsel was not 'a reasonably competent attorney' and the

advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Strickland, 466 U.S. at 688; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980). Judicial scrutiny of counsel's performance is highly deferential and there exists a "strong presumption that counsel's conduct [falls] within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 687 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994).

Second, the petitioner must show that counsel's errors were so egregious as to undermine the fundamental fairness of the proceedings. Strickland, 466 U.S. at 687, 697-98. To prevail on the second element, the petitioner bears the burden of establishing that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Quintero-Barraza, 78 F.3d at 1348 (quoting Strickland, 466 U.S. at 694).

In the instant case, the superior court on habeas review found that Petitioner was sentenced incorrectly because his CRC commitment should not count as a prison prior, but that Petitioner was not entitled to a different sentence. The court noted that the charges to which Petitioner pled "equate to a total term of imprisonment in excess of 6 years." In rejecting Petitioner's ineffective assistance of counsel claim on state habeas review, the court reasoned that:

> there is no evidence, whatsoever, that the outcome of [P]etitioner's plea would have been different even had the issue of the prior prison been raised at the time of the plea. It is clear from the record the court intended to give 6 years. [. . .] [P]etitioner is serving the exact sentence to which he agreed.

(Pet., Decision of the Tulare County Superior Court, 1-2, June 4, 2008, ECF No. 1.)

The superior court's denial of habeas relief is not an unreasonable application of the Strickland standard. Petitioner did not meet his burden in showing that counsel's performance was constitutionally deficient nor does he establish prejudice. He makes no showing that, had counsel objected to the one-year sentence enhancement, Petitioner would not have taken the plea. The crimes for which Petitioner was charged carried the possibility of a much weightier sentence than the six years that Petitioner received. Petitioner has provided no evidence that he would have chosen to go to trial on those charges

rather that accept a plea which included a one-year enhancement for the prison prior.

Petitioner is not entitled to relief on Ground Two because there is no clearly established federal law on which to base his claim, and even if there was, he was not prejudiced by the alleged error.

## CONCLUSION

For the foregoing reasons, Petitioner is not entitled to relief for either Ground One or Ground Two of this petition.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If the Court denies a petition, it may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 322 U.S. at 338 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or

1 | the existence of mere good faith on his . . . part." Id.

2 | In the present case, the Court declines to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) the petition for a writ of habeas corpus is DENIED;

2) the Clerk of Court is DIRECTED to enter judgment; and

3) the Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  September 13, 2010        /s/ John M. Dixon
                                  UNITED STATES MAGISTRATE JUDGE